**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**NANCY HALL, on behalf of**                                                            **PLAINTIFF**
**herself and all others similarly situated**

**VS.**                                                     **CIVIL ACTION NO. 2:23-cv-192-KS-MTP**

**THE FIRST BANCSHARES, INC.**                                         **DEFENDANT**

---

**FINAL APPROVAL ORDER AND JUDGMENT**

---

THIS MATTER, having been brought before the Court on Plaintiff Nancy Hall's ("Plaintiff") Unopposed Motion for Final Approval of Class Action Settlement and for Attorneys' Fees, Costs, and Service Award (the "Motion"), and the Court having reviewed the submission of the Parties having found that the Parties are entitled to the relief they seek, and for good cause shown;

IT IS ORDERED that the Motion is GRANTED, and it is further ORDERED as follows:

1. This Final Approval Order and Judgment incorporates the Settlement Agreement executed on August 28, 2024 (the "Agreement"), and the terms used herein shall have the same meaning and/or definitions given to them in the Agreement.

2. Upon review of the record, the Court hereby finds that the Class Action Settlement ("Settlement") is in all respects, fair, reasonable, and adequate.

3. Therefore, the Settlement is approved.

4. The Court also finds that the negotiations have taken place in good faith between Class Counsel and Defendant's Counsel which resulted in the Agreement.

5. The Agreement provides substantial value to the Settlement Class in the form of monetary payments via check or direct deposit to Settlement Class Members' accounts, and overdraft forgiveness of Uncollected Account Debt.

6. Direct Notice was provided to the Class Members in compliance with the Agreement, the Preliminary Approval Order, and due process. The Notices (i) fully and accurately informed Class Members about the lawsuit and Settlement; (ii) provided sufficient information so that Class Members could decide whether to accept the benefits offered, to opt-out and pursue their own remedies, or object to the Settlement; (iii) provided procedures for Class Members to submit written objections to the Settlement, Class Counsel's request for attorneys' fees, litigation costs, a service award for Named Plaintiff, and costs and fees to the Claims Administrator, to appear at the Final Approval Hearing, and to state objections to the Settlement; and (iv) provide the time, date, and place of the Final Approval Hearing.

7. The Court finds that zero (0) Settlement Class Members have opted out of the Settlement to date.

8. The Court finds that there have been zero (0) objections to the Settlement to date.

9. The Parties have sufficiently performed their obligations under the Agreement.

10. As stated in the Preliminary Approval Order, this Court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, in that (a) the number of members of the Settlement Class is so numerous that joinder is impracticable; (b) there are questions of law and fact common to members of the Settlement Class; (c) the claims of the Named Plaintiff are typical of the claims of the members of the Settlement Class; (d) the Named Plaintiff is an

adequate representative for the Settlement Class, and has retained experienced and adequate Class Counsel; (e) the questions of law and fact common to members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

11. Based on the Motion, the Court concludes that the Agreement is appropriate for final approval because it is fair, adequate, and reasonable in light of the relevant factors set forth in *Reed v. Gen. Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983), including whether there was fraud or collusion in the settlement; the complexity, expense, and likely duration of the litigation; the stage of the proceedings and the amount of discovery completed; the probability of plaintiff's success; the range of possible recovery; and the judgment of the parties that the settlement is fair and reasonable

12. An award of $331,633.50 in attorneys' fees to Class Counsel (33.33% of the Value of the Settlement) is fair and reasonable in light of the experience and efforts of Class Counsel, the character of the work undertaken, the work performed by Class Counsel thus far, and the benefits obtained for the Settlement Class. An award of $1,273.17 in litigation costs to Class Counsel and $51,062.11 to the Claims Administrator for fees and costs in administering the Settlement is also reasonable.

13. A service award to Named Plaintiff of $5,000.00 is fair and reasonable in light of her risks (including financial, professional, and emotional) in commencing the action and the time and effort she spent in litigating this action as the Class Representative.

**IT IS HEREBY ORDERED:**

14. **Settlement Class**. The Settlement Class is defined as:

    <u>**The Class**</u> means all current and former The First Bank checking account holders and all former Heritage Southeast Bank checking account holders who were assessed one or more overdraft and/or insufficient fund fee(s) on a debit card transaction that was authorized on positive funds and settled on negative funds in the same amount for which the debit card transaction was authorized beginning December 7, 2020 and ending on the date the Court preliminarily approves the settlement contemplated by the Agreement.

15. **Binding Effect of Order**. This Order applies to all claims or causes of action settled under the Agreement and binds all Settlement Class Members. This Order does not bind persons who submitted timely and valid requests for exclusion.

16. **Release**. As of the Effective Date of the Agreement, the Named Plaintiff and each of the Settlement Class Members shall be deemed to have released and forever discharged the Defendant Releasees from any and all losses, fees, claims, charges, complaints, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Named Plaintiff and Settlement Class Members who do not opt out now have, could have made, own, or hold against any of the Defendant Releasees that were or could have been asserted in this Action relating to any of Defendant's overdraft and/or insufficient funds fee practices or related disclosures, including but not limited to APSN Fee Charges and Overdraft Fees governed under the Electronic Fund Transfer Act (Regulation E), 12 C.F.R. § 1005 *et. seq*.

17. **Payments to the Settlement Class Members**. Within ten (10) business days after entry of this Order, the $995,000.00 Settlement Fund, less the total amount that will be

4

credited to the Class Members, shall be paid by Defendant and held by the Claims Administrator.

Within ten (10) business days of the Effective Date, Defendant shall make Individual Payments to those Class Members who are active customers of Defendant in the form of an account credit to their individual checking account or savings account. For those Settlement Class Members who are not customers of The First Bank at the time of distribution, the Claims Administrator shall mail them their Individual Payment via check.

The calculation of the Settlement Class Members' Individual Payments will be made out of the Net Settlement Fund and will be allocated on a *pro rata* basis by dividing the Net Settlement Fund by the total number of APSN Fees assessed and multiplying that amount by the total number of APSN Fees charged to and paid by each APSN Fee Class member.

Within thirty (30) days after the Final Report, the total number of uncashed checks held by the Claims Administrator shall be paid by the Claims Administrator to a *cy pres* recipient nominated by the parties and subject to Court approval.

18. **Attorneys' Fees and Costs**. Class Counsel is awarded $331,633.50 in attorneys' fees (33.33% of the Value of the Settlement). In addition, Class Counsel is awarded $1,273.17 in litigations costs. Payments shall be made from the Settlement Fund within ten (10) business days after the entry of this Order.

19. **Service Award**. Named Plaintiff is awarded $5,000.00 as a service award in addition to her Individual Payment from the Settlement Fund to which she is entitled. Payment shall be made from the Settlement Fund within ten (10) business days after the Effective Date.

20. **Claims Administrator's Fees and Costs**. The Claims Administrator is awarded $51,062.11 in fees and costs associated with implementing the terms of the

Agreement. Payment shall be made from the Settlement Fund within ten (10) business days after the Effective Date.

21. **Court's Jurisdiction.** Pursuant to the Parties' request, the Court will retain jurisdiction over this action and the Parties until final performance of the Agreement.

**NOW, THEREFORE**, the Court, finding that no reason exists for delay, hereby enters this Final Approval Order and Judgment forthwith.

**SO ORDERED AND ADJUDGED** this ___ day of May 2025.

_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

_____
Winston Hudson
Attorney for Plaintiff and Class

_____
TREY JONES
Attorney for Defendant
The First Bank

6